WASHINGTON F. ADAMS, plaintiff in error, *v.* CHARLES L. BARTLETT, defendant in error.

*Error to Madison.*

A motion to discharge bail is addressed to the discretion of the Court, and its decision cannot be assigned for error.

ASSUMPSIT, in the Madison Circuit Court, brought by the defendant in error against the plaintiff in error. At the August term, 1847, the Hon. Gustavus P. Koerner presiding, the defendant moved that the writ of *capias* be quashed and the bail discharged for reasons set forth, which motion was overruled, and the defendant then pleaded to the merits of the case. The parties waived a jury, and proceeded to trial by the Court, when a judgment was rendred for the plaintiff below for $1048·50.

The cause was submitted in this Court upon the written arguments of counsel.

*E. Keating*, for the plaintiff in error.

*J. W. Chickering*, for the defendant in error.

The decision of the Circuit Court upon the motion to discharge the bail cannot here be questioned. This Court has repeatedly decided that such motions are addressed to the discretion of the Circuit Court, and cannot, therefore, be assigned for error. *Wann* v. *McGoon*, 2 Scam. 74; *Bruner* v. *Ingraham*, 1 do. 556; *Bancroft* v. *Eastman*, 2 Gilm. 259.

The Opinion of the Court was delivered by

CATON, J. The defendant below was held to bail to appear at the August term of the Madison Circuit Court 1847, to answer Bartlett upon a joint and several note signed by himself and others. At the August term, the defendant appeared and moved the Court to discharge the bail for the insufficiency of the affidavit upon which the *capias* was issued. This motion was overruled. A plea was then filed, a trial had, and judgment rendered for the plaintiff below. The defendant below now brings the record here, and assigns for error the decision of the Circuit Court overruling his motion, to discharge the bail. No complaint is made but that the final judgment is right.

It has been repeatedly decided by this Court that the decision on this motion cannot be assigned for error. *Bruner* v. *Ingraham*, 1 Scam. 556; *Bancroft* v. *Eastman*, 2 Gilm. 259.

It does not affect the merits of the final judgment, although the Court may have erred in the decision of that motion. Had the motion prevailed, the cause would have proceeded in the same manner, and would have resulted in the same way. If the *capias* was issued upon an insufficient affidavit, the party could have been discharged upon *habeas corpus*, or is entitled to his action for false imprisonment. The result of that motion is not *res judicata*, and the same defence

may yet be made to a suit upon the bail bond, as if that motion had not been made. The defendant below was properly in Court, whether the affidavit was sufficient or not, and that was what gave the Court jurisdiction to render the judgment which, it is not denied, was warranted by the pleadings, the proofs and the finding. We, therefore, do not feel called upon to inquire what additional statements were required by the Constitution to be made in the affidavit.

The judgment of the Circuit Court is affirmed with costs.

*Judgment affirmed.*